## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-19-407 |
| | * | |
| MARVIN GRAY, | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Marvin Gray is currently in custody at the D.C. Jail pending trial in this case.

Pending before the Court is Mr. Gray's Motion to Reconsider Pretrial Detention. ECF No. 118.

No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr.

Gray's Motion to Reconsider Pretrial Detention is denied.

## I.      BACKGROUND

On August 14, 2019, Mr. Gray, along with four other defendants, was arrested pursuant

to a Criminal Complaint charging him with conspiracy to distribute controlled substances and

possession with intent to distribute and distribution of controlled substances, in violation of 21

U.S.C. § 846 and 21 U.S.C. § 841. ECF No. 4. On August 19, 2019, Magistrate Judge Timothy J.

Sullivan held a detention hearing and ordered Mr. Gray detained pending trial. ECF Nos. 48, 49.

Mr. Gray appealed that ruling, ECF No. 66, and, after a hearing, this Court affirmed Judge

Sullivan's ruling that Mr. Gray be detained pending trial, ECF Nos. 66, 69. Mr. Gray asserts that

he has reached a potential resolution of his case with the Government, but his re-arraignment has

been postponed to a currently unspecified date pursuant to the District Court's Standing Order 2020-05.[1] ECF No. 118 ¶¶ 1, 2.

On March 27, 2020, Mr. Gray filed the pending Motion to Reconsider Pretrial Detention, citing the COVID-19 pandemic. ECF No. 118. The Government responded that same day. ECF No. 119.

## II.    DISCUSSION

Mr. Gray asks the Court to reconsider his pretrial detention given the danger posed by the current COVID-19 pandemic, his health history, and recent revelations of potential exposure by D.C. Jail inmates to the virus. ECF No. 118 ¶ 3. The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic." *United States v. Martin*, No. PWG-19-140-14, ECF No. 209 at 4 (D. Md. Mar. 17, 2020).[2] Virtually every sector of public life has been affected, and experts tell us that the rate of infections has yet to peak in the United States. *See United States v. Williams*, No. PWG-13-544, ECF No. 94 at 3 (D. Md. Mar. 24, 2020).

But as concerning as the COVID-19 pandemic is, whether to release an individual pending trial still requires an individualized assessment of the factors identified in the Bail Reform Act, 18 U.S.C. § 3142(g). These factors include "the nature and circumstances of the offense charged," including whether the offense involved a controlled substance or firearm; "the weight of the evidence against the person"; "the history and characteristics of the person"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 21 U.S.C. § 3142(g).

---

[1] Standing Order 2020-05 addresses the District of Maryland's response to the current COVID-19 pandemic, for which the Governor of the State of Maryland has declared a state of emergency and the Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of the disease. The Standing Order postpones all court proceedings originally scheduled to take place before April 24, 2020 until further Order of the Court.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Here, these factors weigh in favor of detaining Mr. Gray pending trial. First, given the nature of the charges against him, there is a presumption that Mr. Gray should be detained because there is probable cause to believe that he committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq. See* 18 U.S.C. § 3142(e)(3)(A). Moreover, the Government has considerable evidence against Mr. Gray, as noted by Magistrate Judge Sullivan in his original Order of Detention Pending Trial and as outlined in the 193-paragraph affidavit attached to the Criminal Complaint. *See* ECF No. 4-1; ECF No. 49 at 2. The evidence suggests that Mr. Gray's alleged offenses involved participation in a significant drug distribution conspiracy and the possession of multiple firearms, and Mr. Gray also has a criminal history involving probation violations, fourth-degree burglary, failing to obey a lawful order, and resisting or interfering with arrest.

It certainly should be noted that Mr. Gray states that he had open heart surgery as a child, requires regular EKGs, and continues to experience a diminished immune system, heart flutters, and shortness of breath. And the Court certainly has concern for Mr. Gray, and for all others both inside and outside of the D.C. Jail, as we all grapple with COVID-19. Nonetheless, these concerns alone are insufficient to trigger the release of an individual who this Court has determined poses a threat to the safety of the community, particularly given proffers by the Government that the correctional and medical staff within the Department of Corrections ("DOC") are implementing comprehensive precautionary and monitoring practices sufficient to protect detainees from exposure to the COVID-19 virus, *see Martin*, No. PWG-19-140-14, ECF No. 209 at 8, and, additionally, that they are equipped to handle Mr. Gray's medical needs.[3]

---

[3] Mr. Gray contends that DOC's practices do not protect against the spread of COVID-19 by persons in the asymptomatic phase of the virus. Even if true, this argument fails to recognize the unfortunate reality that public health officials are struggling to contain the spread of the virus in the general public as well.

Indeed, this Court has recently denied motions where detainees similarly claimed that they had medical conditions that made them uniquely vulnerable to COVID-19, *see, e.g.*, *id.* (detaining defendant suffering from diabetes, high blood pressure, asthma, and pain); *United States v. Parker*, No. TDC-18-344, ECF No. 478 (D. Md. Mar. 21, 2020) (detaining defendant in remission for prostate cancer who had previously suffered an aneurysm and presently suffered from diabetes), and Mr. Gray has failed to explain why he should be treated differently from these defendants. His references to the DOC detainee and the Deputy United States Marshal who both recently tested positive for COVID-19 do not persuade the Court that he should be released because the Government has provided detailed information regarding DOC's response to these cases, and Mr. Gray has not argued that these specific precautions are unsatisfactory or that he has even been exposed to these individuals or others who may have tested positive for COVID-19.

Finally, Mr. Gray's argument that his continued detention violates the Eighth Amendment is similarly unpersuasive. COVID-19 is not a virus that has specifically attacked the D.C. Jail but, rather, a global pandemic that all citizens of the world are struggling to combat. There is no reason for the Court to believe that the jail is not taking reasonable precautions to prevent spread within that facility nor is there reason to believe that Mr. Gray would not be provided with appropriate medical care if he were unfortunate enough to join the hundreds of thousands of people who have been inflicted with this virus.

**III.     CONCLUSION**

For the foregoing reasons, it is ordered by the United States District Court for the District

of Maryland that Mr. Gray's Motion to Reconsider Pretrial Detention, ECF No. 118, is

**DENIED**.


Date: <u>April 1, 2020</u>                                    /s/_____
                                                                        GEORGE J. HAZEL
                                                                        United States District Judge